Drach v Trotta (2024 NY Slip Op 51740(U))

[*1]

Drach v Trotta

2024 NY Slip Op 51740(U)

Decided on December 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570471/24

Arie Drach, Petitioner-Appellant,
against
Dorcas Trotta, Respondent-Respondent. and "John Doe" and "Jane Doe," Respondents.

Petitioner appeals from an order of the Civil Court of the City of New York, Bronx County (Bernadette G. Black, J.), dated July 12, 2024, which denied his motion for summary judgment of possession and granted respondent's cross motion for summary judgment dismissing the petition in a holdover summary proceeding.

Per Curiam.
Order (Bernadette G. Black, J.), dated July 12, 2024, reversed, without costs, petition reinstated and matter remanded for further proceedings consistent with this decision.
This holdover proceeding seeks to recover possession of a cooperative apartment occupied by respondent Dorcas Trotta. It is not disputed that respondent initially entered the premises as a tenant pursuant to a proprietary lease agreement. The holdover petition alleges that this proprietary lease was terminated by the (nonparty) cooperative corporation and the shares of stock were sold at an extrajudicial foreclosure sale. Petitioner Arie Drach alleges that he purchased the stock at said sale and that a proprietary lease was issued to him. Petitioner thereafter commenced this proceeding to remove respondent from the premises.
Petitioner moved for summary judgment of possession. Respondent cross-moved to dismiss the petition on the ground that petitioner lacks standing to maintain this proceeding and that the cooperative corporation did not properly terminate her lease. In the order on appeal, Civil Court did not address the substantive issues raised by the parties, but determined that the petition must be dismissed on a ground which was never advanced by any of the parties, i.e., petitioner failed to serve a predicate notice of termination pursuant to RPL §§ 232-a and 226-c.
The dismissal order, premised solely on the unraised and unbriefed predicate notice issue, unfairly deprived petitioner of notice and an opportunity to be heard, thereby offending [*2]traditional notice of fair play. "It was unfair to the litigants, who expected the court to decide on rationales they advanced, not on arguments that their adversaries never made and that might have been rebutted if raised before the court" (Bertrand v TKO Transp. LLC, 205 AD3d 643, 644 [2022]; see Misicki v Caradonna, 12 NY3d 511, 519 [2009]). In these circumstances, we vacate the dismissal and remand the matter to Civil Court for further proceedings to afford petitioner an opportunity to address the notice issue, and for a determination of the balance of the parties' motions. In doing so, we do not pass upon the merits of the matter.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2024